UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Respondent,

            -vs-                                        92-CR-159C

DONALD G. GREEN,

                          Defendant-Petitioner.

_____


        Defendant/petitioner Donald G. Green has filed (1) a motion for modification of his

sentence pursuant to 18 U.S.C. § 3582(c)(2) (Item 1231), and (2) an application to file a

successive petition for relief pursuant to 28 U.S.C. § 2255 (Item 1233).

        With respect to the motion for modification of sentence, Green asserts that his

sentence should be recalculated based on the retroactive effect of Amendment 505 of the

Drug Quantity Table set forth at Section 2D1.1(c) of the United States Sentencing

Guidelines ("U.S.S.G.").  Amendment 505, which became effective on November 1, 1994

(approximately three months after Green was sentenced to life in prison for convictions on

racketeering, conspiracy, narcotics trafficking, obstruction of justice, and other charges),

reduced the maximum base offense level for a drug offense from 42 to 38.[1]

        Section 3582(c)(2) provides that:

        The court may not modify a term of imprisonment once it has been imposed
        except that . . . in the case of a defendant who has been sentenced to a term
        of imprisonment based on a sentencing range that has subsequently been
        lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon
        motion of the defendant or the Director of the Bureau of Prisons, or on its

_____

        [1]Amendment 505 is one of the amendments listed at U.S.S.G. § 1B1.10(c) as authorized by the
Sentencing Commission for retroactive application in appropriate circumstances.

own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The policy statement found at Section 1B1.10(b) of the Guidelines Manual provides that "[i]n determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced . . . ."

These provisions authorize the court, in the exercise of its sound discretion, to reduce a defendant's sentence in light of subsequent Guideline revisions, but do not require it to do so.  *See Rivera v. United States*, 2003 WL 76988, at *2 (S.D.N.Y. January 9, 2003) (citing *United States v. Colon*, 961 F.2d 41, 45 (2d Cir. 1992); *United States v. Cruz*, 1997 WL 115835, at *2 (S.D.N.Y. March 11, 1997)).  "The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10, Commentary Background.

As reflected in this court's August 5, 1994 Judgment and Commitment Order, Green was found responsible for possession with intent to distribute and distribution of at least one kilogram of heroin and 15 kilograms of cocaine, converted to a total of 4,000 kilograms of marijuana pursuant to the drug equivalency tables found in U.S.S.G. § 2D1.1.  Under the drug quantity table in effect at the time of sentencing, this resulted in a drug offense base level of 34 (*see* Item 673, pp. 8-9).  Amendment 505 did not change the drug quantity

table for at least 3,000 kilograms but less than 10,000 kilograms of marijuana:  the offense level remained at 34.  *See* U.S.S.G. § 2D1.1(c)(3).

Accordingly, Amendment 505 was of no benefit to Green, and the court is without discretion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

With regard to Green's application to file a successive petition for relief under 28 U.S.C. § 2855, this court has no power to entertain such an application in the absence of authorization from the Second Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A); *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003), *cert. denied*, 540 U.S. 1210 (2004) (district court "must" transfer successive petition to Second Circuit).

Based on the foregoing, defendant/petitioner's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Item 1231) is denied.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), and in the interest of justice pursuant to 28 U.S.C. § 1631, the Clerk of the Court is directed to take whatever steps necessary to transfer Item 1233 ("Movant/Petitioner's Motion in Opposition to Government's Motion for Dismissal of Movant's Motion for Modification of Sentence and Application for Leave to file Second or Successive Habeas Corpus Petition Under Section § 2255") to the United States Court of Appeals for the Second Circuit to allow that court to determine whether the claims raised in this petition should be considered by the district court.

So ordered.

John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: August      17     , 2006
p:\opinions\92-159.aug1006