**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DONALD G. GREEN,

                Petitioner,

                                                                                                      92-CR-159A
        v.                                                                   16-CV-534A
                                                                                    **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                Respondent.
_____

      Petitioner Donald Green has filed a motion pursuant to Federal Rule of Civil Procedure 60(b), which seeks to reopen a prior order denying Petitioner's request for relief pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court construes this motion as a "second or successive" § 2255 petition. *See* 28 U.S.C. 2255(h). Also before the Court is Petitioner's third petition to vacate or reduce his sentence pursuant to 28 U.S.C. § 2255. *See* Docket No. 1330. Because Petitioner has, on several previous occasions, attempted to collaterally attack the same conviction and sentence at issue in his newest § 2255 petition, that petition is also "second or successive." 28 U.S.C. § 2255(h).

      Thus, the Court is unable to consider the merits of either Petitioner's Rule 60(b) motion or his new § 2255 petition unless and until the Second Circuit, on Petitioner's motion, issues "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A). The Court will therefore transfer both petitions to the Second Circuit.

## BACKGROUND

      Petitioner was part of the L.A. Boys, a "major narcotics trafficking enterprise" that operated in Buffalo in the late 1980s. *United States v. Workman*, 80 F.3d 688, 691-92

1

(1996). The members of that enterprise committed, among other crimes, "various acts of violence, including murders, kidnappings, and drive-by shootings." *Id.* at 692. After trial, a jury found Petitioner guilty of racketeering, a narcotics conspiracy, and other crimes. Judge Curtin, to whom this case was then assigned, sentenced Petitioner to four concurrent life terms of imprisonment, two concurrent twenty-year terms of imprisonment, fifteen concurrent four-year terms of imprisonment, and a concurrent ten-year term of imprisonment, all of which were to run consecutive to Petitioner's then-undischarged New York State sentence for murder. The Second Circuit affirmed Petitioner's convictions and sentence, *United States v. Workman*, 80 F.3d 688 (2d Cir. 1996), and the Supreme Court denied a petition for a writ of certiorari. *See Green v. United States*, 519 U.S. 955 (1996).

In 1997, Petitioner filed his first petition for relief under 28 U.S.C. § 2255. That petition raised issues concerning the evidence against Petitioner, his sentence, and his counsel's performance. Judge Curtin denied the petition in 2002. In 2004, Petitioner filed an application for leave to file a second or successive § 2255 petition (Docket No. 1233), which Judge Curtin transferred to the Second Circuit. *See* Docket No. 1234.

Petitioner has now made two new filings. First, he has filed a "Motion to Reopen Movant's Title 28 U.S.C. Section 2255 Motion Judgment" pursuant to Federal Rule of Civil Procedure 60(b). *See* Docket No. 1312. That motion appears to argue, pursuant to *Rutledge v. United States*, 517 U.S. 292 (1996), that the narcotics conspiracy of which Petitioner was convicted is a lesser-included offense of the continuing criminal enterprise offense of which he was also convicted. Second, Petitioner has filed his third § 2255 petition. *See* Docket No. 1330. This new petition contends that Petitioner's

sentence should be reduced or vacated pursuant to the Supreme Court's recent decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the ability of federal prisoners to file "second or successive" habeas petitions by requiring prisoners to obtain authorization from the appropriate Court of Appeals before doing so. *See* 28 U.S.C. § 2255(h). Two § 2255 petitions are not "successive" for purposes of § 2255(h) "merely because they are both brought by the same prisoner. Rather, to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003). Moreover, the fact that a court disposed of a prisoner's prior § 2255 petition does not necessarily make a subsequent habeas petition "second or successive" within the meaning of § 2255(h). Instead, "a § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated *on the merits*." *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) (emphasis in original).

### A. Petitioner's Rule 60(b) motion

The Court first considers how, if at all, these principles apply to Petitioner's Rule 60(b) motion. *See* Docket No. 1312. As noted, that motion appears to request that the Court vacate one of Judge Curtin's prior § 2255 orders in this case. A Rule 60(b) motion that seeks to vacate an earlier § 2255 order should "'be treated as any other motion under Rule 60(b) . . .' for purposes of AEDPA, *provided that* the motion 'relates to the integrity of the federal habeas proceedings, not to the integrity of the . . . criminal

3

trial.'" *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)) (emphasis in original). If, however, a Rule 60(b) motion "attacks the underlying conviction," the district court has "two procedural options: (1) the court may treat the Rule 60(b) motion as a 'second or successive' habeas petition, in which case it should be transferred to [the Second Circuit]; or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Id.* at 82 (quotation marks omitted).

Even when read in the charitable light to which a *pro se* litigant is entitled, nothing in Petitioner's Rule 60(b) motion attacks the integrity of any of Petitioner's prior § 2255 proceedings. Rather, as noted, Petitioner's Rule 60(b) motion appears to argue, pursuant to *Rutledge v. United States*, 517 U.S. 292 (1996), that one of the offenses of which Petitioner was convicted is a lesser-included offense of another offense of which Petitioner was convicted. This is plainly an attack on the integrity of the original criminal proceedings brought against Petitioner—not an attack on the integrity of Petitioner's prior § 2255 proceedings. Further, Judge Curtin dismissed Petitioner's first § 2255 petition on the merits, and not for one of the non-merits reasons that exempt a second habeas petition from § 2244's gatekeeping requirement. *See Villanueva*, 346 F.3d at 60. The Court therefore construes Petitioner's Rule 60(b) motion as a second-or-successive § 2255 petition.[1] Thus, before the Court may consider the merits of Petitioner's converted Rule 60(b) motion, he must first move in the Second Circuit for "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A).

---

[1] Because Petitioner's prior § 2255 petitions have already triggered the gatekeeping requirements of 28 U.S.C. 2244, no purpose would be served by first informing Petitioner of the Court's intention to construe his Rule 60(b) motion as a § 2255 petition. *See Harris*, 367 F.3d at 82. The Court therefore declines to do.

4

**B. Petitioner's § 2255 petition pursuant to *Johnson v. United States***

As noted, Petitioner's second filing seeks to vacate or reduce his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See* Docket No. 1330.  This new § 2255 petition is also "second or successive," as it attempts to collaterally attack the same conviction and sentence at issue in Petitioner's first § 2255 petition.  Thus, as with Petitioner's converted Rule 60(b) motion, before this Court may consider the merits of Petitioner's new § 2255 petition, he must first move in the Second Circuit for "an order authorizing [this] court to" do so.  28 U.S.C. § 2244(b)(3)(A).

**C. The Court will transfer Petitioner's new § 2255 petitions to the Second Circuit**

Although Judge Curtin has previously reminded Petitioner that he must ask the Second Circuit for permission to file a second or successive § 2255 petition, Petitioner did not do so in this case.  Nonetheless, pursuant to 28 U.S.C. § 1631, the Court finds that it is in the interest of justice to transfer Petitioner's converted Rule 60(b) motion (Docket No. 1312), as well as his new § 2255 petition (Docket No. 1330), to the Second Circuit so that that court may consider whether Petitioner has satisfied the requirements of § 2244.  *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

**CONCLUSION**

For the reasons stated above, the Court converts Petitioner's Rule 60(b) motion (Docket No. 1312) to a second-or-successive § 2255 petition within the meaning of § 2255(h).  The Court also finds that Petitioner's newest § 2255 petition (Docket No. 1330) is a second-or-successive petition within the meaning of § 2255(h).  The Clerk of the Court is directed to transfer Docket No. 1312 and Docket No. 1330 to the Clerk of

the U.S. Court of Appeals for the Second Circuit.  The Clerk of the Court is also directed to dismiss the parallel civil action, 16-CV-534A.

Finally, because the Court does not consider the merits (if any) of Petitioner's new § 2255 petition, the Court denies without prejudice Petitioner's motion for appointment of counsel.  Petitioner may, of course, move for appointment of counsel in proceedings before the Second Circuit.

**SO ORDERED.**

Dated:  August 23, 2016               *s/Richard J. Arcara*
       Buffalo, New York                HONORABLE RICHARD J. ARCARA
                                           UNITED STATES DISTRICT JUDGE